# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**DEVAN LAMONT PIERSON**                                                   **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 4:18-CV-68-JHM**

**UNKNOWN NURSE "A" et al.**                                        **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion for summary judgment filed by Defendants Grayson County and Jason Woosley (DN 27). For the following reasons, the Court will grant the motion.

**I.**

On initial review of the 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. § 1915A pertinent to the instant motion, *pro se* Plaintiff Devan Lamont Pierson's claims against Defendants Grayson County and Woosley in his individual capacity under the Fourteenth Amendment for deliberate indifference to a serious medical need and for failure to protect were allowed to proceed.

In his complaint, Plaintiff, who was a federal pretrial detainee being housed at Grayson County Detention Center (GCDC) when the relevant events occurred, alleged that his rights were violated at GCDC because active and inactive gang members, including those of rival gangs, were housed together and, as a result, he was physically assaulted by an inmate from a rival gang on June 3, 2017. Plaintiff alleged that as a result of this attack, "a portion of his right ear was severed by being bitten off, my right shoulder injured, front tooth chipped, right eye severely swollen and lacerated, and face swollen as a result from the numerous punches and kicks to the head I received . . . ." After returning to GCDC from the outside hospital where he had been taken for treatment, he was placed in segregation. He stated that although he originally thought he was being placed in segregation for a 72-hour "medical watch," he was told that he was in disciplinary segregation for

fighting with another inmate, and he alleged that his placement in disciplinary segregation violated his rights because he never received a disciplinary report or a hearing. Plaintiff stated: "I was so emotionally distraut due to my current confinement that I asked to speak to someone from psychology. After several attempts to get the attention of someone from psychology, I became so emotionally distraut that I began to deficate on the interior of my cell." Plaintiff stated that he was then placed in a restraint chair "for approximately 30 hours . . . during which time I was not fed." Plaintiff stated that when he continued to request to speak to "someone from psychology," the nurse at GCDC informed him that "[GCDC] does not have a psychology department, nor do they have an onsite psychologist." Plaintiff stated that the nurse also told him that if he needed any mental health treatment, GCDC would have to call an outside specialist and that his "issue" was not serious enough to require such. Plaintiff stated that he was placed back on suicide watch for 72 hours and then placed in disciplinary segregation for nine days. Plaintiff also claimed that GCDC required him to pay a co-pay for the medications prescribed to him by the University of Louisville Medical Center, where he was treated.

In their motion for summary judgment, Defendants Grayson County and Woosley argue that Plaintiff failed to exhaust his administrative remedies at GCDC. They argue that at the relevant time GCDC had an inmate grievance procedure available to Plaintiff; that on booking, all inmates are provided a copy of the GCDC's Jail Handbook, which includes the grievance procedure; that on September 26, 2016, Plaintiff signed a document acknowledging the receipt of that Handbook; and that Plaintiff did not submit a single grievance during his stay at GCDC. They attach an affidavit from Defendant Woosley in which he avers that at all times GCDC had in effect an Inmate Grievance Policy and Procedure available to Plaintiff; that there are inmate grievance forms available to inmates to grieve in the form of a written statement following the incidents; that on September 26, 2016, Plaintiff signed a document acknowledging his receipt of

2

the Jail Handbook; and that Plaintiff did not submit a single grievance during his incarceration at GCDC. They also attach a copy of the inmate grievance policy and a document signed by Plaintiff acknowledging that he received a copy of the Jail Handbook.

In response (DN 38), Plaintiff argues that he "was unable to file grievances for several reasons. One being he was denied a grievance when he asked while in the restraint chair and on suicide watch. Secondly, Plaintiff was transferred to several other facilities br[ie]fly after the incident occoured, preventing Plaintiff to file a grievance."

In reply (DN 40), Defendants Grayson County and Woosley attach another affidavit from Defendant Woosley in which he avers that at all times GCDC had in effect an inmate grievance procedure available to Plaintiff and that there is no time limit on when an inmate must submit a grievance after an alleged incident. He further avers that Plaintiff could have submitted a grievance at any time after June 3, 2017, until his transfer on August 3, 2017, but that Plaintiff failed to do so.

## II.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. *Id.* A moving party with the burden of proof who seeks summary judgment faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). "[W]here the moving party has the burden -- the plaintiff on a claim for relief or the

defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (internal quotation marks, citation, and emphasis omitted). The party with the burden of proof "must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. "Accordingly, summary judgment in favor of the party with the burden of persuasion 'is inappropriate when the evidence is susceptible to different interpretations or inferences by the trier of fact.'" *Green v. Tudor*, 685 F. Supp. 2d 678, 685 (W.D. Mich. 2010) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999)).

Prisoner civil-rights cases are subject to the mandate of the Prison Litigation Reform Act (PLRA) that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.] § 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To exhaust a claim, a prisoner must proceed through all steps of a prison's or jail's grievance process, because an inmate "cannot abandon the process before completion and claim that he has exhausted his remedies." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). The Supreme Court held in *Woodford v. Ngo*, 548 U.S. 81, 93 (2006), that failure to "properly" exhaust bars suit in federal court. "Proper exhaustion" means that the plaintiff complied with the administrative "agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

A prisoner is required "to make affirmative efforts to comply with the administrative procedures," and the Court will analyze "whether those efforts to exhaust were sufficient under

4

the circumstances." *Id*. at 590 (internal quotation marks and citations omitted). "A plaintiff's failure to exhaust cannot be excused by his ignorance of the law or the grievance policy." *Napier v. Laurel Cty., Ky.*, 636 F.3d 218, 222 n.2 (6th Cir. 2011) (citing cases).

Here, the record shows and Plaintiff does not deny that he did not initiate the grievance process at GCDC. Plaintiff argues that he was unable to file grievances because he was denied when he asked to file one while he was in the restraint chair and on suicide watch and that some transfers to several other facilities briefly after the incident occurred prevented him from filing a grievance. However, Defendants have rebutted these assertions by submitting another affidavit from Defendant Woosley indicating that the GCDC's inmate grievance procedure was available to Plaintiff and that there is no time limit on when an inmate must submit a grievance after an alleged incident; according to the affidavit, Plaintiff could have submitted a grievance at any time after June 3, 2017, until his transfer on August 3, 2017, but failed to do so.

The purpose of the exhaustion requirement is "to give prison officials a fair opportunity to address a prisoner's claims on the merits before federal litigation is commenced." *Mattox v. Edelman*, 851 F.3d 583, 592 (6th Cir. 2017). Here, Defendants did not have an opportunity to address Plaintiff's claims regarding deliberate indifference and failure to protect.

In *Jones v. Bock*, 549 U.S. 199, 216 (2007), the Supreme Court held that exhaustion under the PLRA is an affirmative defense. Therefore, the heightened summary-judgment standard set out above applies to Defendants' motion for summary judgment based on the affirmative defense that Plaintiff failed to exhaust. The Court concludes that Defendants Grayson County and Woosley have met their burden to show that Plaintiff did not fully exhaust his administrative remedies regarding the incidents in question. The Court will, therefore, grant summary judgment to Defendants Grayson County and Woosley.

**III.**

For the foregoing reasons, Defendants' motion for summary judgment (DN 27) is **GRANTED**.

The Clerk of Court is **DIRECTED** to terminate Defendants Grayson County and Jason Woosley as parties to this action.

Date: March 24, 2020

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
     Counsel of record
4414.009