# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**CIVIL ACTION NO. 4:18CV-00068-JHM**

**DEVAN LAMONT PIERSON**                                            **PLAINTIFF**

**VS.**

**GRAYSON COUNTY DENTENTION CENTER, et al.**           **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before the Court on a motion by Defendant Randy Swift for summary judgment. [DN 69]. Four months after this motion was filed, *pro se* Plaintiff Devan Lamont Pierson still had not filed a response. The Court issued an Order giving Pierson an additional 30 days to respond to the pending motion, and the Court warned Plaintiff "that this action will be dismissed for failure to comply with an Order of this Court." [DN 70]. Plaintiff has not filed a response to Swift's pending motion for summary judgment, and the time to do so has passed.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment generally accorded to pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (cleaned up).

Additionally, courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Because Pierson has failed to comply with a straightforward Order of this Court by failing to file a response to Swift's motion for summary judgment, despite being warned that dismissal would occur without compliance, the Court will dismiss this action by separate Order.

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Devan Lamont Pierson, *pro se*
    counsel of record

June 23, 2021